Certiorari to review a judgment of the Court of Claims holding that where an airport adjacent to plaintiffs’ (respondents’) chicken farm was leased by the Government for the use of its military airplanes, which at times passed over plaintiffs’ property at a low height in taking off from and landing at the airport; and where it was found that the ■chickens were frightened by the airplanes so that their fertility was greatly decreased and some of them flew blindly against the buildings and were killed; plaintiffs were entitled to recover for damages to their property from the taking of an easement over it.
The judgment of the Court of Claims was reversed May 27, 1946, by the Supreme Court and the cause was remanded to the Court of Claims to make the necessary findings in conformity with the opinion of the Supreme Court.
Mr. Justice Douglas
delivered the.opinion of the Supreme ■Court, holding:
1. Where the Government permitted its military airplanes to fly SO' low over plaintiffs’ land as to' deprive plaintiffs of use and .enjoyment of their land for purposes of raising chickens, there was a “taking”, so as to entitle plaintiffs to recover just compensation.
2. Market value fairly determined is the normal measure of recovery in condemnation proceedings, and that value may reflect the use to which the property could readily be converted as well as the existing use.
3. Landowner owns at least as much or the airspace above ground as he can occupy or use in connection with the'land, and the fact that he does not occupy it in physical sense by erection of buildings and the like is not material.
4. The meaning of “property”, as used in the Fifth Amendment prohibiting the talcing of private property for public use without just compensation, is a “Federal -question”, but it will normally obtain its content by reference to local law, and in the instant case a holding *855 that flights by army airplanes over plaintiffs’ land constituted a “taking”, so as to entitle them to just com-Sensation, was not inconsistent with the local law of forth Carolina governing landowners’ claim to immediate reaches of the superadjacent airspace.
5.Flights by airplanes of the Federal Government over private lands are not a “taking”, so as to entitle owner to just compensation, unless they are so low; and so frequent as to be a direct and immediate interference' with the enjoyment and use of the land.
6.A claim for taking of private land by the Government is a “claim founded upon the Constitution” and is within the jurisdiction of the Court of Claims to determine.
7.On certiorari from the Supreme Court to the Court of Claims, a deficiency in findings of fact by the Court of Claims cannot be rectified by statements in its opinion.
8.On certiorari from the Supreme Court to the Court of Claims, the Supreme Court will not examine the evidence to determine whether it would support a finding of fact, if such finding had been made by the Court of Claims.
9.Where the Court of Claims in the instant case held that an easement was taken but its findings of fact contained no description as to whether the easement taken was permanent or temporary, it would be premature for the Supreme Court to consider whether the amount of award made by the Court of Claims was proper.